United States District Court
Southern District of Texas

**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Numan Qambari, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2547 |
| | § | |
| Mark Wayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DISMISSING PETITION**

Petitioner Numan Qambari is a citizen of Afghanistan who concedes that he unlawfully entered the United States near Nogales, Arizona, in 2025. Doc. 1 ¶¶ 1–2. When he crossed the border, Petitioner was immediately detained by United States Customs and Border Protection officers. *Id.* ¶ 2. Thereafter, Petitioner was subjected to expedited removal proceedings, and an immigration judge ordered his removal on January 8, 2026. *Id.* ¶¶ 3–4, 89. Since then, pursuant to 8 U.S.C. § 1231, he has remained in the custody of Respondent, Warden of the Houston Contract Detention Facility, pending his deportation. *See id.* ¶¶ 1–2, 25–30.

Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Administrative Procedures Act ("APA"); (ii) the Immigration and Nationality Act ("INA"); (iii) substantive due process;

and (iv) procedural due process.[1] *See id.* For the reasons set forth below, Petitioner's claims must be DENIED as premature, and the action is DISMISSED WITH PREJUDICE.

\* \* \*

As a threshold matter, the Court need address the case's current posture. When a detainee files an application for a writ of *habeas corpus*, 28 U.S.C. § 2243 presents district courts with three options: award the writ, direct the respondent to show cause why the writ should not be granted, or dismiss the petition if "it appears from the application that the applicant or person detained is not entitled thereto." Viewing the Petition as facially deficient, the Court elected to request additional briefing from the parties, Doc. 8. Respondents, however, provided only a vague, single-sentence response—which appears to concede Petitioner's arguments—which offers no argument or case law as to why Petitioner should continue to be detained, or whether the Respondent even opposes Petitioner's prayer for relief. Doc. 11.

Nonetheless, the Court is not bound by a party's representation or concession on a question of law. *See, e.g., Orloff v. Willoughby*, 345 U.S. 83, 87 (1953). And on its face, the

---

[1] Petitioner also briefly references the *Accardi* Doctrine, evidently in support of his APA and due process claims. *See* Doc. 1 ¶¶ 87, 105. Because Petitioner does not address the lawfulness of his arrest at the border, the Court declines to construe the Petition as raising a direct challenge to detention under the *Accardi* Doctrine. *See generally id.* And even if it did, the Court would reiterate its position from *Campos Bernal v. Frink* that "an illegal arrest has no bearing on the legality of detention following that arrest." 4:26-cv-2239 (S.D. Tex. June 23, 2026) (quoting *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at \*4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.).

Petition fails to raise a cognizable challenge to detention, as Petitioner has not been detained beyond the presumptively reasonable six-month period articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Further, the paucity of factual pleading or argument offered by the government deprives the Court of its ability to determine what efforts have been made to effectuate Petitioner's removal, or whether there is a significant likelihood of removal in the reasonably foreseeable future.

The Court divides Petitioner's claims into two distinct groups—those rightly brought in a habeas petition, and one that is not. As to the latter, this Court previously rejected an APA challenge brought by an alien awaiting a final removal order as inappropriate. *See Campos Bernal v. Frink*, 4:26-cv-2239 (S.D. Tex. June 23, 2026). Here, Petitioner is currently subject to *post*-removal-order detention, but his APA claim is similarly non-cognizable. The Court therefore first extends its APA holding in *Campos Bernal v. Frink* to post-removal-order detention.

Next, Petitioner's statutory and due process claims—appropriate challenges to detention through habeas—are all squarely foreclosed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). As such, the Court addresses them in concert.

**A.  Administrative Procedures Act Claim**

As this Court held in *Campos-Bernal v. Frink*, the APA is not an appropriate vehicle to challenge a petitioner's detention. The same rationale applies whether a petitioner is detained pending removal proceedings, or after a final removal order has been issued.

The APA subjects agency action to judicial review only when "there is no other adequate remedy in a court." 5 U.S.C. § 704. However, 28 U.S.C. § 2241 provides district courts with jurisdiction over petitions for habeas relief where a petitioner is "in custody in violation of the Constitution or law or treaties of the United States." *Immigration and Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 305 (citing 28 U.S.C. § 2241(c)(3)). Accordingly, when detainees challenge "the invalidity of their confinement . . . their claims must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

Here, Petitioner challenges his continued custody. *See* Doc. 1. Petitioner has thus rightly filed a habeas petition to seek judicial relief from his detention—an adequate remedy in court. *See id.* Therefore, "habeas corpus, not the APA, is the proper vehicle" for Petitioner's claim. *See Trump*, 604 U.S. at 674 (Kavanaugh, J., concurring).

## II.  Statutory and Due Process Challenges

The Court next turns to Petitioner's claims that are appropriately brought in a habeas petition. The first (Petitioner's statutory challenge) fails as a matter of law. Petitioner did not articulate how his current detention could violate the INA. To the contrary, as an alien subject to a final removal order, 8 U.S.C. § 1231(a)(6) authorizes the Unites States to exercise its discretion and detain him pending his deportation. *See Zadvydas*, 533 U.S. 678, 682 (2001). Portions of the Petition concede as much. *See, e.g.*, Doc. 1 ¶ 31 (acknowledging that pursuant to 8 U.S.C. § 1231 "[t]he government may continue to detain certain noncitizens beyond the 90-day removal period").

Next, Petitioner contends that his detention violates the Fifth Amendment's Due Process Clause. However, before addressing these claims, the Court must first assure itself that constitutional review of his detention is appropriate at this juncture. Some courts in this and other districts have adopted the position that the Supreme Court's opinion in *Zadvydas* does not categorically bar petitioners from bringing due process challenges to their detention within the first six months of a final removal order being issued. *See, e.g.*, *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 703 (S.D. Tex. 2025); *Rodriguez Romero v. Ladwig*, No. 25-1106, 2026 WL 321437, at *13–14 (M.D. La. Feb. 6, 2026) (deGravelles, J.). This Court, however, cannot agree with those courts' interpretation of *Zadvydas v. Davis* and its progeny.

First, consider the statutory framework that the *Zadvydas* Court did, and did not, address. Pursuant to 8 U.S.C. § 1231(a)(1), once an alien's removal order becomes administratively final, "the Attorney General shall remove the alien from the United States within a period of 90 days." The *Zadvydas* Court did *not* broach whether detention during this 90-day "removal period" could violate due process. Instead, it determined that 8 U.S.C. § 1231(a)(6)—which authorizes discretionary detention *after* the expiration of the 90-day removal period—contains "an implicit 'reasonable time' limitation." 533 U.S. at 682. The *Zadvydas* Court thus held that detention is constitutionally permitted for six months—90 days of which are captured by 8 U.S.C. § 1231(a)(1), and an additional 90 days under 8

U.S.C. § 1231(a)(6). 533 U.S. at 701. Had the *Zadvydas* Court believed that detention during those six months could violate due process, it would have confronted constitutional questions posed by 8 U.S.C. § 1231(a)(1)'s 90-day removal period.

Furthermore, those courts that have authorized premature post-removal-order detention challenges have improperly relied on the *Zadvydas* Court's characterization of the six-month period as a "presumption." *See, e.g.*, *Villanueva*, 801 F. Supp. 3d at 703 (S.D. Tex. 2025) (holding that "the presumption of constitutionality during that six-month period is rebuttable."). But *Zadvydas* is best read as creating a bright-line rule "for the sake of uniform administration in the federal courts." *See* 533 U.S. at 701; *Clark v. Suarez Martinez*, 543 U.S. 371, 386 (2005) (reiterating and expanding upon the application of the "6-month presumptive detention period prescribed in *Zadvydas*").

At no point did the *Zadvydas* Court provide that the six-month "presumptive" detention period was rebuttable. Quite to the contrary, once the six-month period expires, it is the *petitioner* who must first "provide[] good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future." 533 U.S. at 701. In other words, after six months, the petitioner must bring forward evidence demonstrating that his detention is unconstitutional. Only then must the government "respond with evidence to rebut that showing." *See also Clark*, 543 U.S.at 378 (noting that "*after* [the six months], the alien is eligible for conditional release"). Had the *Zadvydas* Court intended for the first six months of detention to be contestable, it would have said so. And to read that principle into the opinion now undermines the *Zadvydas* Court's goal of "limit[ing]

6

the occasions when courts will need to make" difficult judgments. *Id.* at 700; *see also Yaghoubi Yeganeh v. Warden, Bluebonnet Det. Facility*, No. 1:25-CV-121-H, 2025 WL 4722526, at *4 (N.D. Tex. Dec. 15, 2025) (Hendrix, J.). Instead, because *Zadvydas* is silent, the courts that have recognized premature claims must devise their own burden-shifting frameworks to resolve those claims.

Based on the foregoing, this Court adopts a bright-line rule that has been embraced by several other district courts. *See Cruz Medina v. Noem*, 794 F. Supp.3d 365, 374 (D. Md. 2025) (collecting cases adopting a bright-line rule); *see also Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) ("the district court did not err in finding that his challenge to his continued post removal detention was premature"). Once a removal order becomes administratively final, the government is authorized to detain an alien for six months to facilitate his deportation. During this time period, any constitutional challenge to the alien's detention is premature. But once six months elapse, a petitioner is free to invoke *Zadvydas* to challenge his detention under the Due Process Clause.

Here, in his Petition, Petitioner concedes that his order of removal did not become administratively final until January 8, 2026.[2] Doc. 1 ¶ 89. Consequently, he cannot challenge the constitutionality of his detention until, at the earliest, July 8, 2026. As such, his due process challenges must be dismissed as premature.

---

[2]  It is unclear whether this was when he was ordered removed or this is when his removal order became administratively final due to the lapse of the subsequent thirty-day appeal period. Neither reading alters the Court's reasoning.

* * *

In sum, it appears from the face of the Petition that Petitioner is not entitled to habeas relief at this time. Once more than six months have elapsed since his removal order became administratively final, he may file a new petition seeking *habeas* relief. But until then, his Petition must be DENIED as premature. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of July, 2026.

_____

Nicholas J. Ganjei
United States District Judge

8